UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| EAST COAST WAFFLES, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Charging Party Ronald Roberts who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff, the Equal Employment Opportunity ("EEOC" or the "Commission"), alleges that Charging Party Ronald Roberts ("Charging Party") was terminated by East Coast Waffles, Inc. ("East Coast Waffles") after he complained about racially discriminatory treatment from customers.

<u>JURISDICTION AND VENUE</u>

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-

5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the United States District Court for the Middle District of Florida, Tampa Division, therefore making this venue proper.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant East Coast Waffles has continuously been a Delaware corporation doing business in the State of Florida and within Hillsborough County, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant East Coast Waffles has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6.     More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII by East Coast Waffles.

7.     Prior to the institution of this lawsuit, the Commission issued a Letter of Determination finding reasonable cause to believe that Charging Party was retaliated

against when he objected to and/or opposed the racially discriminatory actions of customers.

8.      Prior to the institution of this lawsuit, the Commission attempted to effect East Coast Waffles' voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF FACTS</u>

10.     East Coast Waffles owns and operates numerous Waffle House restaurants in the states of Virginia and Florida, including Unit # 567 in Tampa, Florida.

11.     East Coast Waffles employed Charging Party as a Grill Operator at Unit # 567.

12.     On or about March 22, 2009, several customers came into Unit # 567 and made racially derogatory comments to Charging Party.

13.     East Coast Waffles has a 1-800 hotline dedicated to the receipt of complaints including complaints of discrimination from employees.

14.     On or about March 23, 2009, Charging Party called the East Coast Waffles' hotline to complain about the customers' comments.

15.     On or about May 21, 2009, East Coast Waffles conducted an investigation into Charging Party's hotline complaint.  During his interview, Charging Party again opposed the customers' race-based comments.

16.     On or about May 23, 2009, East Coast Waffles terminated Charging Party in retaliation for his complaints.

17.    As a result of the foregoing retaliatory conduct, Charging Party suffered damages.

## STATEMENT OF CLAIMS

18.    Paragraphs six (6) through seventeen (17) are fully incorporated herein.

19.    East Coast Waffles has engaged in unlawful employment practices at Unit # 567 in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Charging Party for complaining about and/or opposing the race-based comments of customers.

20.    The effect of the practices complained of in paragraphs ten (10) through seventeen (17) above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee, because of his opposition to discriminatory treatment.

21.    The unlawful employment practices complained of in paragraphs ten (10) through seventeen (17) above were intentional and caused Charging Party to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical injuries.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining East Coast Waffles, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against employees that object to or oppose an unlawful practice such as racial discrimination.

B.      Order East Coast Waffles to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees that object to or oppose racial discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order East Coast Waffles to make whole Charging Party, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs ten (10) through seventeen (17)above, in amounts to be determined at trial.

D.      Order East Coast Waffles to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs ten (10) through seventeen (17) above, in amounts to be determined at trial.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Equal Employment Opportunity
Commission
131 M Street N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney

KIMBERLY McCOY-CRUZ
Supervisory Trial Attorney

s/ Kristen Foslid_____
KRISTEN FOSLID
Senior Trial Attorney
Florida Bar No. 0688681
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: (305) 808-1803
Fax: (305) 808-1835
Email: kristen.foslid@eeoc.gov